UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ESTELA MILO
and other similarly-situated individuals,

    Plaintiff(s),

v.

CACAO EXPRESS, INC.
and ELDA BENSHIMOL,
individually

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff, ESTELA MILO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants CACAO EXPRESS, INC., and ELDA BENSHIMOL, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ESTELA MILO is a resident of Miami-Dad County, Plaintiff is a covered employee for purposes of the Act.

3. Defendant CACAO EXPRESS, INC. (hereinafter CACAO EXPRESS, or Defendant) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant ELDA BENSHIMOL was and is now, the owner/ director and manager of Defendant Corporation CACAO EXPRESS.

5. All the action raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ESTELA MILO to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant CACAO EXPRESS, is a catering business, they provide meals to go to families, banquet halls, and other business, including airlines.

8. Defendants CACAO EXPRESS, and ELDA BENSHIMOL employed Plaintiff ESTELA MILO as a non-exempt hourly employee approximately from approximately April 27, 2015, to August 7, 2016, or more than 66 weeks.

9. Plaintiff was promised a workweek of 40 hours. Plaintiff's duties included, cooking, cleaning and general kitchen work. Plaintiff was paid a wage rate of $9.50 an hour or $380.00 weekly. For the last 4 weeks Plaintiff received a wage rate increase to $11.25 an hour or $450.00 weekly.

10. Plaintiff worked as agreed, only during the first week of employment. The following week, Plaintiff began to work 7 days per week.

11. From May 1, 2015 to September 30, 2015, which represents 22 weeks, Plaintiff worked Mondays to Thursdays from 5:00 AM to 4:00 PM (11 hours daily); on Fridays, Plaintiff worked from 5:00 AM to 8:00 PM (15 hours); on Saturdays Plaintiff worked from 5:00

AM to 10:00 PM (17 hours); and on Sundays Plaintiff worked from 5:00 AM to 4:00 PM (11 hours). During this period, or 22 weeks, Plaintiff worked a total of 87 hours weekly. However, she was paid only for 40 hours or $380.00 weekly. Plaintiff was not allowed to take any bona-fide lunch break.

12. Plaintiff complained about the excessive workload, and the payment received. Defendant reduced Plaintiff's working hours, but she continued working more than 40 hours without receiving any overtime payment.

13. From approximately October 1, 2015, to her last day of work August 1, 2016, Plaintiff maintained a regular schedule. Plaintiff worked 5 days per week, she did not work on Sundays and Tuesdays. Plaintiff worked Mondays, Wednesdays and Thursdays from 5:00 AM to 4:PM (11 hours); on Fridays, Plaintiff worked from 5:00 AM to 8:00 PM (15 hours); on Saturdays Plaintiff worked from 5:00 AM to 10:00 PM (17 hours). In this period, Plaintiff worked a total of 65 hours weekly, she did not take bona fide lunch time, and Defendants did not pay her for overtime hours.

14. Defendants did not use any time-keeping method, and did not keep track of hours worked by Plaintiff and other employees similarly situated.

15. Plaintiff was paid weekly strictly on cash basis, without any paystub providing basic information such as wage rate, real number of hours worked, employment taxes withheld, etc.

16. On or about July 1, 2016 Plaintiff complained about not being paid for overtime hours to the owner of the business ELDA BENSHIMOL, she refused to pay for overtime hours and told Plaintiff: "We don't pay overtime hours here, but I am going to give you a raise". For

the last 4 weeks of employment, Plaintiff was paid $11.25 an hour for 40 hours, or $450.00 weekly.

17. On the same day, Plaintiff also complained about not being paid timely. Defendants did not paid Plaintiff her regular wages on regular basis. Moreover, many times, Plaintiff was paid with bad checks, causing her bank charges that Defendants never reimbursed.

18. Therefore, Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, in violation of FLSA provisions.

19. On or about August 1, Plaintiff had an incident with a co-worked which caused her blood pressure to spike. Plaintiff required emergency medical attention, and later she was given a week off to take a rest.

20. On or about August 7, when she was ready to return to work, Plaintiff received a telephone call from the main cook of the business, Everto LNU, who told her that she was fired, and that Defendant ELDA BENSHIMOL did not want her to return to work anymore.

21. Plaintiff states that her termination was a retaliatory action for her complaints about fair payment.

22. Plaintiff ESTELA MILO seeks to recover all the overtime wages that never were paid to him, retaliatory damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

24. Plaintiff ESTELA MILO re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

25. This cause of action is brought by Plaintiff ESTELA MILO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2015, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant CACAO EXPRESS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a catering business, providing meals to families and businesses such as airlines, and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and produced meals to be served in airplanes. Therefore, there is FLSA individual coverage.

28. Defendant CACAO EXPRESS employed Plaintiff ESTELA MILO as a non-exempt hourly employee approximately from approximately April 27, 2015, to August 7, 2016, or more than 66 weeks.

29. Plaintiff was informed that she would have a workweek of 40 hours. Plaintiff's duties included, cooking, cleaning and general kitchen work. Plaintiff was paid a wage rate of $9.50 an hour or $380.00 weekly. For the last 4 weeks Plaintiff received a wage rate increase to $11.25 an hour or $450.00 weekly.

30. Plaintiff worked as agreed, only during the first week of employment. The following week, Plaintiff began to work 7 days per week.

31. From May 1, 2015 to September 30, 2015, which represents 22 weeks, Plaintiff worked a total of 87 hours weekly. However, she was paid only for 40 hours or $380.00 weekly. Plaintiff was not allowed to take any bona-fide lunch break.

32. Plaintiff complained about the excessive workload, and the payment received. Defendant reduced Plaintiff's working hours, but she continued working more than 40 hours without receiving any overtime payment.

33. From approximately October 1, 2015, to her last day of work August 1, 2016, Plaintiff maintained a regular schedule. Plaintiff worked 5 days per week, a total of 65 hours weekly, she did not take bona fide lunch time, and Defendants did not pay her for overtime hours.

34. Defendants did not use any time-keeping method, and did not keep track of hours worked by Plaintiff and other employees similarly situated.

35. Plaintiff was paid weekly strictly on cash basis, without any paystub providing basic information such as wage rate, real number of hours worked, employment taxes withheld, etc.

36. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

39. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

40. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Thirty Thousand Three Hundred Fifteen Dollars and 25/100 ($30,315.25)

   b. <u>Calculation of such wages</u>:

Total weeks of employment: 66 weeks

i. **Overtime for period from May1, 2015 to September 30, 2015 =22 weeks paid at $9.50 an hour or $380.00 weekly**

Total hours worked: 87 hours weekly
Total overtime hours: 47 hours
Total O/T unpaid hours: 47 O/T hours
Paid Weekly: $380.00
Regular rate: $380:40 hours=$9.50 x 1.5=$14.25 O/T rate
O/T rate: $14.25 an hour

O/T rate $14.25 x 47 O/T hours=$669.75 weekly x 22 weeks=$14,734.50

ii. **Overtime for period from October 1, 2015, to June 30, 2016= 39 weeks paid at $9.50 an hour or $380.00 weekly**

Total hours worked: 65 hours weekly
Total overtime hours: 25 hours
Total O/T unpaid hours: 25 O/T hours
Paid Weekly: $380.00
Regular rate: $380:40 hours=$9.50 x 1.5=$14.25 O/T rate
O/T rate: $14.25 an hour

O/T rate $14.25 x 25 O/T hours=$356.25 weekly x 39 weeks=$13,893.75

iii. **Overtime for period from July 1, 2016, to August 1, 2016= 4 weeks paid at $11.25 an hour or $450.00 weekly**

Total hours worked: 65 hours weekly
Total overtime hours: 25 hours
Total O/T unpaid hours: 25 O/T hours
Paid Weekly: $450.00
Regular rate: $450.00 :65 hours=$11.25 x 1.5=$16.87 O/T rate
O/T rate: $16.87 an hour

O/T rate $16.87 x 25 O/T hours=$421.75 weekly x 4 weeks=$1,687.00

Total overtime i, ii, and iii= $30,315.25

Nature of wages (e.g. overtime or straight time):

> This amount represents unpaid half-time overtime wages.

41. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

42. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

43. At the times mentioned, individual Defendant ELDA BENSHIMOL was the owner/director/manager of CACAO EXPRESS. Defendant ELDA BENSHIMOL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CACAO EXPRESS in relation to its employees, including Plaintiff and others similarly situated. Defendant ELDA BENSHIMOL had financial and operational control of the corporation, gave Plaintiff her schedule, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

44. Defendants CACAO EXPRESS, and ELDA BENSHIMOL willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as

required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ESTELA MILO and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ESTELA MILO and other similarly-situated individuals and against the Defendants CACAO EXPRESS, and ELDA BENSHIMOL on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ESTELA MILO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ESTELA MILO demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

46. Plaintiff ESTELA MILO re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

47. Defendant CACAO EXPRESS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a catering business, providing meals to families and businesses such as airlines, and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

48. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and produced meals to be served in airplanes. Therefore, there is FLSA individual coverage.

49. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

50. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

51. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

52. Defendants CACAO EXPRESS, and ELDA BENSHIMOL employed Plaintiff ESTELA MILO as a non-exempt hourly employee approximately from approximately April 27, 2015, to August 7, 2016, or more than 66 weeks.

53. Plaintiff was promised a workweek of 40 hours. Plaintiff's duties included, cooking, cleaning and general kitchen work. Plaintiff was paid a wage rate of $9.50 an hour or $380.00 weekly. For the last 4 weeks Plaintiff received a wage rate increase to $11.25 an hour or $450.00 weekly.

54. Plaintiff worked as agreed, only during the first week of employment. The following week, Plaintiff began to work 7 days per week.

55. From May 1, 2015 to September 30, 2015, which represents 22 weeks, Plaintiff worked Plaintiff worked a total of 87 hours weekly. However, she was paid only for 40 hours or $380.00 weekly. Plaintiff was not allowed to take any bona-fide lunch break.

56. Plaintiff complained about the excessive workload, and the payment received. Defendant reduced Plaintiff's working hours, but she continued working more than 40 hours without receiving any overtime payment.

57. From approximately October 1, 2015, to her last day of work August 1, 2016, Plaintiff worked a total of 65 hours weekly, she did not take bona fide lunch time, and Defendants did not pay her for overtime hours.

58. Defendants did not use any time-keeping method, and did not keep track of hours worked by Plaintiff and other employees similarly situated.

59. Plaintiff was paid weekly strictly on cash basis, without any paystub providing basic information such as wage rate, real number of hours worked, employment taxes withheld, etc.

60. On or about July 1, 2016 Plaintiff complained about not being paid for overtime hours to the owner of the business ELDA BENSHIMOL, who refused to pay for overtime hours and told Plaintiff: "We don't pay overtime hours here, but I am going to give you a raise". For the last 4 weeks of employment, Plaintiff was paid $11.25 an hour for 40 hours, or $450.00 weekly.

61. On the same day, Plaintiff also complained about not being paid timely. Defendants did not paid Plaintiff her regular wages on regular basis. Moreover, many times, Plaintiff was paid with bad checks, causing her bank charges that Defendants never reimbursed. Defendant ELDA BENSHIMOL got very upset for Plaintiff's complaints.

62. Therefore, Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate, in violation of FLSA provisions.

63. These complaints constituted protected activity under the Fair Labor Standards Act.

64. On or about August 1, Plaintiff had an incident with a co-worked which caused her blood pressure to spike. Plaintiff required emergency medical attention, and later she was given a week off to take a rest.

65. On or about August 7, when she was ready to return to work, Plaintiff received a telephone call from the main cook of the business, Everto LNU, who told her that she was fired, and that Defendant ELDA BENSHIMOL did not want her to return to work anymore.

66. At all time during her employment with Defendants, Plaintiff performed her duties satisfactorily. Plaintiff states that she was fired as a retaliation for Plaintiff's complaints about unpaid overtime hours, untimely payments, and bad checks given to her.

67. There is closed proximity between Plaintiff's last protected activity and the date of her termination.

68. At the times mentioned, individual Defendant ELDA BENSHIMOL was the owner/director/manager of CACAO EXPRESS. Defendant ELDA BENSHIMOL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CACAO EXPRESS in relation to its employees, including Plaintiff and others similarly situated. Defendant ELDA BENSHIMOL had financial and operational control of the corporation, gave Plaintiff her schedule, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

69. Defendants CACAO EXPRESS, and ELDA BENSHIMOL willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing her.

70. One of the reasons which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for her complaint for overtime wages.

71. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

72. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ESTELA MILO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants CACAO EXPRESS, and ELDA BENSHIMOL that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants CACAO EXPRESS, and ELDA BENSHIMOL to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ESTELA MILO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ESTELA MILO demands trial by jury of all issues triable as of right by jury.

Dated: This 22nd day of September 2016.

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*